Filed 1/19/24  Strata Equity Global v. Persky CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| STRATA EQUITY GLOBAL, INC., | D081385 |
| Cross-complainant and Respondent, | |
| v. | (Super. Ct. No. 37-2022-00013655-CU-BC-CTL) |
| JORDAN BLAKE PERSKY, | |
| Cross-defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Affirmed.

Decker Law, James Daniel Decker and Griffin R. Schindler for Cross-defendant and Appellant.

Ellenoff Grossman & Schole, Eric Neil Landau and Travis Biffar for Cross-complainant and Respondent.

Jordan Blake Persky sued his former employer, Strata Equity Global, Inc. (Strata) for employment-related claims.[1]  As the litigation was proceeding, counsel for Persky informed Strata that Persky had been able to access at least one legal invoice from Strata's counsel regarding work related to Persky's lawsuit.  Strata then filed a cross-complaint alleging that Persky had violated Penal Code[2] section 502, which prohibits unauthorized access to computers, computer systems, and computer networks, by allegedly accessing Strata's "computer network and file databases" and viewing and obtaining data contained within them, including the legal invoice.  Persky filed an anti-SLAPP motion (Code Civ. Proc., § 425.16), asserting that the claims in Strata's cross-complaint arose from Persky's protected activity involving the litigation between the parties.  The trial court denied the motion, concluding that Strata's cross-claims against Persky are based on *un*protected activity. We agree and affirm the court's order.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Complaint and Cross-complaint*

In April 2022, Persky filed his complaint against Strata, a real estate investing firm, alleging breach of his employment agreement and related Labor Code claims.  At the time he filed the lawsuit, Persky was employed as the Managing Director of Finance, and he continued to work in that role as the litigation proceeded.

At some point after filing this action, Persky accessed Strata's accounting records through its computer network.  Relevant to this appeal,

---

[1]    Melissa Frerichs, another Strata employee, also joined Persky as a plaintiff in the lawsuit against Strata, but she is not a party to this appeal.

[2]    Further undesignated statutory references are to the Penal Code.

Persky is alleged to have reviewed documents in a corporate management file database, one of which was a legal invoice from Strata's counsel related to Persky's action.  At the time, Persky did not advise Strata he had looked at the invoice.  In late May 2022, Persky's lawyer informed Strata's counsel that Persky had accessed a legal invoice.

In June 2022, Strata filed a cross-complaint against Persky, alleging a single cause of action for the violation of the Comprehensive Computer Data Access and Fraud Act, codified at section 502 of the Penal Code based on Persky's accessing of Strata's computer network and electronic files stored there.[3]  It specifically referenced as the basis for relief three subdivisions of section 502:  (c)(1)(B), (c)(2), and (c)(7).  The cross-complaint sought compensatory damages, which included "all expenditures to investigate Strata Global's computer network, file databases, and data" (§ 502, subd. (e)(1)), as well as punitive damages (*id*., subd. (e)(4)), attorney fees (*id*., subd. (e)(2)), and other unspecified injunctive or equitable relief "as the Court deems just and reasonable" (*id*., subd. (e)(1)).

B.    *Persky's Anti-SLAPP Motion*

Persky filed a special motion to strike the cross-complaint under Code of Civil Procedure section 425.16.  He asserted that Strata's cause of action for a violation of section 502 arose from his protected activity because the "gravamen of Strata's claim is that Persky impermissibly accessed Strata's files to communicate documents to his attorneys so that he could gain a litigation advantage."  Persky further argued that the "claim is premised on communications by Persky's counsel to Strata's counsel relating to a legal

---

3    Strata alleged that Persky "navigated five (5) layers of folders outside of his [employment] purview and job responsibilities in order to access the folder containing [Strata's attorneys'] legal invoice."

invoice that Strata had improperly made available to Persky and other employees."

Persky's motion principally relied on the allegations in paragraphs 12, 13, 18, and 19 of the cross-complaint. These allegations are as follows:

> "[W]ithout authorization, Mr. Persky has been rummaging through Strata Global's network and databases, including its corporate management database, to obtain information and documentation, such as legal invoices, which Mr. Persky knows are outside his permitted access for use against Strata Global in this litigation."

> "After four months, on May 25, 2022, Strata Global's counsel finally was advised by counsel for Mr. Persky that Mr. Persky had gained access to EGS's legal invoices on Strata Global's shared company server. Strata Global is informed and believes and thereon alleges that Mr. Persky accessed at least one legal invoice and viewed its contents. Mr. Persky's counsel thereafter provide the file path for the folder that Mr. Persky accessed."

> "[F]rom December 2021 to present, Mr. Persky has knowingly accessed Strata Global's computer network and file databases impermissibly to access, download, copy, or otherwise take data for his own use in his lawsuit against the company in violation of Sections 502(c)(1)(b), 502(c)(2), and 502(c)(7) of the Penal Code, Cal. Pen. Code, § 502(c), *et seq.*"

> "Mr. Persky knowingly and willfully accessed confidential and privileged litigation documents, taking the contents therein in violation of Section 502(c)(2) of the Penal Code, with malice and to irreparably harm the case for the defense in this litigation."

With respect to the second prong of the anti-SLAPP analysis, Persky argued that the litigation privilege barred Strata's claim, making it impossible for Strata to establish a probability of prevailing on its cause of action.

4

C.   *Strata's Opposition*

In response to Persky's anti-SLAPP motion, Strata primarily argued that the conduct by Persky forming the basis for its cross-complaint was not a " 'written or oral statement or writing' " in an official proceeding.  Rather, according to Strata, the conduct underlying its claims was Persky's "accessing, viewing, and taking privileged and confidential data from Strata Global's network . . . , not his discussions with counsel."  Strata specifically disclaimed that the cross-complaint included any allegation founded on Persky's "intention to communicate any stolen data to his attorneys," contrary to Persky's argument otherwise.

Strata also asserted that, to the extent the burden was shifted to Strata to demonstrate its cross-complaint had minimal merit, it could show a probability of success on the merits.  Strata maintained that Persky's status as an employee of Strata at the time of the alleged unlawful access to the computer network and databases did not bar its claim under section 502 as a matter of law.  It also contended that the litigation privilege did not apply because its cross-complaint was "not premised on Mr. Persky's communication to his attorneys," but was instead "premised entirely on his *conduct* in illegally accessing" Strata's computer network and files.

Strata filed the declaration of one of its attorneys of record, Eric Landau, who provided further definition for the factual basis of Strata's cross-claims.  Landau stated that on May 25, 2022, he received an email from Persky's lawyer "stating that one of his clients accessed a litigation invoice from [Strata's counsel of record] pertaining to this action on [Strata's] Network."  Landau inquired as to which plaintiff had gained access and how the access had been gained.  Counsel indicated that Persky had accessed the invoice through an "Accounts Payable folder."  Landau initiated an

5

investigation into the matter on Strata's behalf, which included interviews of relevant Strata employees. Strata filed the cross-complaint against Persky on the basis of its preliminary investigation, but at the time of the filing of the anti-SLAPP motion, Strata's investigation was still "ongoing," and it had hired a digital forensics expert to assist in the investigation. Landau indicated that individuals from his office had "spent approximately 25 hours" investigating the matter at the time of filing the opposition to Persky's anti-SLAPP motion.

Strata also submitted a declaration from Rezlyn Palma, its Chief Accounting Officer. Palma explained that Strata uses a "shared folder system to save files for documents related to" its corporate operations. Typically, Strata saves invoices and proof of payment as a single .pdf file, which is then saved in subfolders representing the month and year in which the invoice was paid, which are themselves saved within subfolder after subfolder, all of which are located within the general "Accounting" folder. The invoice and proof of payment that Persky accessed had been saved in this manner.

Finally, Strata submitted a declaration from David Thompson, a digital forensics investigator hired by Strata to investigate Persky's "computer activities . . . in the Strata Global network and company database." Thompson "was able to determine to a reasonable degree of professional certainty that" Persky used his Strata desktop computer to "access[ ] and open[ ]" the .pdf document containing the legal invoice and proof of payment that was stored on Strata's network. At the time Persky accessed the file, the invoice and proof of payment had been saved "within five layers of sub-folders." Thompson indicated that he had spent more than 60 hours on his investigation, and that his rate was $350 per hour.

6

D.    *Hearing on the Anti-SLAPP Motion*

The trial court provided the parties with a tentative ruling in which it indicated an intent to deny Persky's anti-SLAPP motion. The court noted that the basis for Strata's sole cause of action was the allegation that "Persky allegedly improperly accessed Strata Global's computer data," and that any allegations about the type of data that was accessed, how that data may have been used, and/or with whom the data may have been shared was information that was not necessary for Strata to succeed on its cause of action.

At oral argument, counsel for Persky began by noting that Strata had set out three violations of section 502, under three different subdivisions of the statute, and that each claim should be "evaluated separately for purposes of the anti-SLAPP motion." Specifically, counsel noted that, at least with respect to a claim for relief under subdivision (c)(1)(B), the provision requires that the defendant "did something after" accessing data—that is, the defendant must have "altered, damaged, deleted, or otherwise uses the data." She noted "there is not a single allegation of Mr. Persky altering, damaging, deleting or destroying any data," and that the "only allegation Strata submits to support its section 502(c)(1)(B) claim is Mr. Persky's use of that data in this litigation." Counsel asserted that, as a result, the allegations in paragraphs 12, 18, and 19, as well as the claim for a violation of subdivision (c)(1)(B) must be stricken.

In response to the argument by Persky's attorney, counsel for Strata asserted that Persky's application of the allegations of the complaint to a claim under section 502, subdivision (c)(1)(B) was based on a too-limited reading of that provision. Strata's attorney explained that if subdivision (c)(1)(B) "ended with 'or otherwise uses any data,' " then Persky's contention

7

might have some validity. But the subdivision instead continues beyond the word "data," and "says 'or otherwise *uses any* data, computer, *computer system*, or *computer network*.'" (Italics added.) Thus, he explained, "[t]he word 'use' is not limited to the use of the data, . . . but [is] expanded to both the data, a computer system, and a computer network." Because the usage referred to in subdivision (c)(1) may be done with respect to a computer system or network, it was not necessary for Strata to meet the "use" element with an allegation as to how any particular data may have been used in the context of the litigation between the parties.

Persky's attorney responded with an argument related to one she had posited in her demurrer papers. According to counsel, the phrase "otherwise uses" in subdivision (c)(1) of section 502 has been interpreted by at least one federal district court as referring to conduct that is similar to the preceding list of prohibited conduct—i.e., some usage that is akin to "alter[ing], damag[ing], delet[ing], [or] destroy[ing]" the data.[4] She therefore maintained that, in order for the cross-complaint to set out a valid claim under subdivision (c)(1)(B), the usage of a computer-related item referred to in the cross-complaint must be a reference to *using the data* itself improperly, and could not refer to using a computer or computer network to access data.

At the conclusion of the hearing, the trial court confirmed its tentative ruling denying Persky's anti-SLAPP motion. The court's written minute order provided its reasoning:

---

[4] In demurrer papers, Persky cited two federal district court decisions for this proposition. (See *Ticketmaster L.L.C. v. Prestige Entm't West, Inc.* (C.D.Cal. 2018) 315 F.Supp.3d 1147, 1175 and *McGowan v. Weinstein* (C.D.Cal. 2020) 505 F.Supp.3d 1000, 1020.)

"Here, the sole cause of action in the cross-complaint [ROA # 31] alleges that Persky allegedly improperly accessed Strata Global's computer data, in violation of the Penal Code. The specific type of data, how it was used, and/or to whom the information was communicated are all facts that might evidence the alleged violation, but are not necessary for the claim to proceed."

Given its conclusion that the cross-complaint did not arise from protected activity, the court declined to address the second anti-SLAPP prong.

## DISCUSSION

### A. *Anti-SLAPP Framework*

The anti-SLAPP statute, set out in Code of Civil Procedure section 425.16, creates a summary-judgment-like procedure at the outset of a case to protect litigants from meritless lawsuits that might chill the exercise of constitutional rights to free speech and petition. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884.) Resolving an anti-SLAPP motion involves two steps. The moving party bears the initial burden to establish that the challenged causes of action arise from its protected speech or petitioning activity. (*Id.* at p. 884; see § 425.16, subd. (e) [listing four categories of protected activity].) If the moving party carries its burden, the burden shifts to the opposing party to demonstrate that its claims have at least minimal merit. (*Wilson*, at p. 884.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89; see § 425.16, subd. (b)(1).)

In meeting its prong one burden, "the moving [party] must identify the acts alleged in the complaint that it asserts are protected and what claims for relief are predicated on them. In turn, a court should examine whether those

9

acts are protected and supply the basis for any claims." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010 (*Bonni*).) "[A] claim may be struck *only if the speech or petitioning activity itself is the wrong complained of*, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060 (*Park*), italics added.) "A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Id.* at p. 1062.) Only if the anti-SLAPP movant meets its prong one burden does the burden then shift to the opposing party to "demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).)

We review the grant or denial of an anti-SLAPP motion de novo. (*Park, supra*, 2 Cal.5th at p. 1067.) In appeals in which the inquiry focuses on prong one, "[w]e exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Ibid.*) "In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but accept [the pleading party's] submissions as true and consider only whether any contrary evidence from the [anti-SLAPP movant] establishes its entitlement to prevail as a matter of law." (*Ibid.*) In determining whether a claim or claims arise from protected activity, we consider the elements of the claims, the actions alleged to establish those elements, and whether those actions are protected activities. (*Bonni, supra,* 11 Cal.5th at p. 1015.) If a cause of action is determined to involve both protected and unprotected activity, the unprotected activity is disregarded at the conclusion of the first stage of the anti-SLAPP analysis. (*Baral, supra,* 1 Cal.5th at p. 396.)

10

B.    *Strata's cross-claims do not arise from protected activity.*

As the party moving to strike, Persky bears the burden on prong one to demonstrate that " 'the challenged claim arises from activity protected by [Code of Civil Procedure] section 425.16.' " (*Olson v. Doe* (2022) 12 Cal.5th 669, 678.) He alleges that Strata's cross-complaint asserts multiple claims against him, all of which arise from his protected activity under subdivisions (e)(1) and/or (e)(2) of section 425.16 of the Code of Civil Procedure. Subdivision (e)(1) protects "any written or oral statement or writing made before a . . . judicial proceeding" while subdivision (e)(2) protects "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Strata does not appear to dispute that communications between Persky and his attorney regarding the legal invoice at issue would constitute protected activity for purposes of the anti-SLAPP statute, but it denies that its claims against Persky *arise from* Persky's communications with his attorney.

In determining whether a party's claims arise from protected activity, courts are to "consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park, supra,* 2 Cal.5th at p. 1063.) The defending party's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under section 424.16. (*Wilson, supra,* 7 Cal.5th at p. 884.)

Although Strata drafted its cross-complaint as comprising a single cause of action, titled "Violation of Comprehensive Computer Data and Access Fraud Act (Cal. Pen. Code[,] § 502)," a review of the allegations of the cross-complaint demonstrate that it has set forth at least three separate claims for relief within that single cause of action. Specifically, Strata alleges that Persky violated three separate subdivisions of section 502: (c)(1)(b),

11

(c)(2), and (c)(7).[5]  While all of these subdivisions relate generally to the unauthorized accessing of computer networks or data, each subdivision sets out slightly different conduct as illegal, while often using similar or even identical language.  (See *People v. Hawkins* (2002) 98 Cal.App.4th 1428, 1440 ["the statute describes a number of computer crimes in somewhat overlapping language"].)

For example, subdivision (c)(1)(B) of section 502 makes it illegal to "[k]nowingly access[ ] and without permission alter[ ], damage[ ], delete[ ], destroy[ ], or otherwise use[ ] any data, computer, computer system, or computer network in order to . . . wrongfully control or obtain money, property, or data."  Subdivision (c)(2) makes it illegal for any person to "[k]nowingly access[ ] and without permission take[ ], cop[y], or make[ ] use of any data from a computer, computer system, or computer network, or take[ ] or cop[y] any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network."  And subdivision (c)(7) makes it illegal for one to knowingly *and without permission* access or "cause[ ] to be accessed" a computer or computer system or network.  In other words, subdivisions (c)(1)(B) and (c)(2) of section 502 do not mandate that the accessing of the data, computer, computer system or network be done without authorization.  Instead they require that some *additional* conduct have been done without authorization.  In contrast, subdivision (c)(7) makes the mere accessing of a computer, computer system or computer network illegal if it was done without authorization.

---

[5]     Strata also alleges that it is continuing to investigate whether Persky also violated subdivision (c)(4) of section 502 by having "altered, damaged, deleted, or destroyed any of Strata Global's other data without permission," but the cross-complaint does not assert a claim for relief based on this subdivision.

12

Because any violation of the various subdivisions of section 502 could provide Strata with a basis for relief, we must examine Strata's claims under *each* subdivision to determine whether it arises from protected activity. As the Supreme Court explained in *Bonni,* a court "should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Bonni, supra,* 11 Cal.5th at p. 1010.)

Persky initially argues that all three of Strata's claims for relief under section 502 "arose from the alleged use of supposedly wrongfully procured data in litigation." He further reasons that the "data" wrongfully procured must be the "legal invoice," and that pursuant to the allegations of the cross-complaint, the only possible alleged "use" of this invoice "relates to Persky and his attorney's communications about the legal invoice." Just as he did in his arguments before the trial court, Persky relies on four particular paragraphs in the cross-complaint to assert that the claims must arise from his protected activity in communicating with his attorney about Strata's legal invoice. According to Persky, that his communications with his attorney forms the basis of Strata's claims against him is particularly apparent from the cross-complaint's allegation that "Persky has knowingly accessed Strata Global's computer network and file databases impermissibly to access, download, copy, or otherwise take data *for his own use in his lawsuit against the company* in violation of Sections 502(c)(1)(b), 502(c)(2), and 502(c)(7) of the Penal Code, Cal. Pen. Code § 502(c), et seq." (Italics added.) He relies on additional allegations that similarly attempt to explain *why* Persky accessed the invoice. (*Ante,* p. 4.)

13

While we appreciate the basis for the argument, we view these allegations and the claims in cross-complaint differently than Persky does. Specifically, an examination of the elements of the claims at issue as well as the relief sought by Strata makes it clear that Strata's claims are *not* predicated on Persky's asserted protected conduct —i.e., his communications about and/or use of the legal invoice.

As an initial matter, it is readily apparent that Strata's claim for relief under subdivision (c)(7) of section 502 cannot arise from Persky's conduct in sharing or discussing the legal invoice with his attorney. As previously noted, subdivision (c)(7) proscribes the knowingly unauthorized *accessing* of a computer system or network. There is no need to demonstrate why the computer system or network was accessed. Thus, Strata need only allege and ultimately prove that Persky knowingly accessed its computer system and did so without permission. Nothing about these elements implicates communicative or other litigation-related conduct that could be considered protected under Code of Civil Procedure section 425.16.

We also conclude that Strata's claims for violations of subdivisions (c)(2) or (c)(1)(B) of section 502 do not arise from Persky's protected activity. Persky appears to assume that Strata's claim under subdivisions (c)(1)(B) and (c)(2) are and can only be based on his accessing Strata's computer system to "use" Strata's data—in the form of the legal invoice—to obtain an advantage in his litigation against Strata. He states that the "obvious and necessary implication of [the] allegation [that Persky's counsel provided the file path for the folder that Persky accessed] is that Persky communicated and conveyed the invoice to his counsel 'for use against [Strata] in this litigation.' " He then argues: "This would appear to be the 'use' upon which Strata predicated its section 502, subdivisions (c)(1)(B) and (c)(2) allegations."

14

"[T]here is," in his view, "no other *use* alleged in the Cross-Complaint, and certainly no allegation that Persky altered, damaged, deleted, or destroyed the invoice." (Italics added.) We disagree.

First, with respect to section 502, subdivision (c)(2), a violation occurs as soon as an individual "knowingly access[es]" a computer or computer system or network and then, without permission, "download[s], cop[ies], or otherwise take[s] *or* make[s] use of" data. (Italics added.) The use of "or" in the subdivision makes clear that only one of the listed activities must take place—either, the downloading, copying, taking or making use of data—for a violation to occur. Strata's cross-complaint specifically alleges that Persky violated this subdivision by accessing Strata's computer network and databases, and without permission "download[ing], copy[ing], or otherwise tak[ing]" data that belonged to Strata. The allegation of Persky's motive—that he downloaded, copied or took the data for a particular purpose, i.e., "for his own use in his lawsuit against" Strata—is unnecessary to the claim, as subdivision (c)(2) does not require that the data be downloaded, copied, or taken for any particular purpose. Thus, this aspect of the allegation merely provides context as to Persky's possible reason for engaging in the activity that constitutes the wrong complained of—i.e., the accessing and impermissibly downloading/copying/taking data—but is not itself the actionable wrong and it is therefore not the subject of the anti-SLAPP statute. (See *Baral, supra,* 1 Cal.5th at p. 394.)

The allegations regarding the damages Strata asserts that it suffered as a result of Persky's violative conduct further demonstrate that Strata is not seeking recovery based on Persky's *speech or petitioning* activity, but is instead claiming damages arising from Persky's noncommunicative conduct. Strata alleges that it has been damaged "by the costs necessary to conduct

15

the investigation to ascertain the full extent of Mr. Persky's unlawful intrusion and the damages caused thereby, including [reasonable] attorneys' fees arising therefrom," and further asserts that Persky's "actions were a substantial factor in th[is] harm to Strata Global because, as a direct result of his actions, Strata Global has been forced to divert other employees from their regular tasks and retain a computer forensic analysis firm to perform an internal investigation to ascertain the full extent of Mr. Persky's unlawful intrusion into Strata Global's computer network, file databases, and data files." Strata is not seeking damages related to any possible harm to its litigation position as result of Persky's sharing the contents of the invoice, nor is it requesting any injunctive relief in connection with the Persky litigation.[6]

We also conclude that, like Strata's claim under subdivision (c)(2) of section 502, Strata's claim under subdivision (c)(1)(B) does not arise from protected conduct. The elements necessary to set out a claim for a violation of subdivision (c)(1)(B) are three-fold: (1) the individual must "[k]nowingly access[ ] . . . any data, computer, computer system, or computer network"; (2) the individual must "without permission alter[ ], damage[ ], delete[ ], destroy[ ], or otherwise use[ ]" that same "data, computer, computer system, or computer network"; and (3) the accessing and "alter[ing], damage[ing], delet[ing], destroy[ing], or otherwise us[ing]" of the "data, computer, computer system, or computer network" must have been done for a specific

_____

[6]    In fact, the cross-complaint does not set forth an allegation that Persky shared the invoice itself, or any information contained within the invoice, with his attorney. The cross complaint merely explains how Strata learned about the allegedly unlawful conduct by asserting that Persky's attorney advised Strata's counsel that Persky had "gained access to" legal invoices, and that the attorney "provide[d] the file path for the folder that Mr. Persky accessed."

16

purpose—i.e., it must have been done "in order to . . . wrongfully control or obtain money, property, or data."

Persky assumes that Strata is alleging that the basis for the first and second elements is his intentional accessing of Strata's "data" (i.e., the invoice) and his unauthorized "use" of that same "data." Persky again assumes that Strata's complaint must be read as alleging that he "used" Strata's "data" in his lawsuit, relying on the allegation that he downloaded or copied the data "for use against [Strata] in this litigation." But we do not read Strata's cross-complaint this way, particularly when we consider the nature of the damages that Strata identifies in its pleading. Rather, subdivision (c)(1)(B) may be satisfied not only by knowingly accessing "data," but also by knowingly accessing a *computer* or *computer system* or *network*. And Strata is alleging that accessing a computer or computer system is precisely what Persky did: "Mr. Persky knowingly accessed Strata Global's computer network and file databases." And the allegations in the cross-complaint further assert that Persky *used* the computer network and file databases to "wrongfully . . . obtain . . . *data*" (§ 502, subd. (c)(1)(B), italics added). In other words, Strata is alleging that Persky knowingly accessed and then impermissibly used the computer network in order to wrongfully obtain (by downloading or copying) an electronic copy of the invoice.[7] This understanding of the allegations of the cross-complaint is consistent with the limited recovery Strata is seeking—i.e., compensatory damages to recover the costs involved in connection with investigating and repairing anything

---

[7] We do not decide whether such an allegation would—or would not—suffice to state a claim under section 502, subdivision (c)(1), as that issue is not before us. Rather, we are merely identifying the conduct underlying *Strata's* asserted claim under this subdivision for purposes of determining whether the claim must be stricken under the anti-SLAPP statute.

damaged as a result of Persky's intrusion into its confidential data files on its computer network.

We therefore agree with the trial court that none of Strata's claims arise from Persky's speech or petitioning activity so as to be subject to an anti-SLAPP motion. Strata is instead seeking to hold Persky liable under all three identified subdivisions of section 502 based on his unauthorized accessing and use of Strata's computer network. Because Persky did not meet his prong one burden as to any of the claims for relief asserted in Strata's cross-complaint, the trial court properly denied his motion without reaching prong two. (*Freeman v. Schack* (2007) 154 Cal.App.4th 719, 733.)

## DISPOSITION

The order denying the anti-SLAPP motion is affirmed. Strata is entitled to recover costs on appeal.

DATO, Acting P. J.

WE CONCUR:

DO, J.

CASTILLO, J.

18